1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

QINGLI ZHANG,

CASE NO. C24-0064-KKE

9                          Plaintiff,

          v.

ORDER FOR SUPPLEMENTAL BRIEFING
ON TRANSFER AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

10

JIM DEHART, et al.,

11                          Defendants.

12

Plaintiff Qingli Zhang is currently living in Canada, awaiting approval of his visa

13  application that would allow him to move to the United States.  Zhang filed this lawsuit against

14  several federal officers to request expedited consideration of his application, and Defendants[1] have

15  moved to dismiss, either for improper venue or for failure to state a claim.  Dkt. Nos. 1, 8.  The

16  Court agrees with Defendants that venue does not lie in this district, but requests further input from

17  the parties as to whether this action should be transferred to another jurisdiction.  Accordingly, the

18  Court finds merit in Defendants' motion on venue grounds, declines to reach the remainder of the

19  motion, and orders the parties to address whether and where this action should be transferred.

20
21
22

---

23  [1] Defendants are federal officers sued in their official capacities: Jim DeHart (consul general of the U.S. Consulate
General in Vancouver, British Columbia), Marybeth Turner (deputy chief of mission in the U.S. Embassy in
Canada), and Anthony Blinken (secretary of the U.S. Department of State).

24

ORDER FOR SUPPLEMENTAL BRIEFING ON TRANSFER AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS - 1

# I.    BACKGROUND[2]

Zhang is married to an employee of a United States company.  Dkt. No. 1 ¶ 10.  That company filed a petition for an H-1B visa[3] on Zhang's wife's behalf, to allow her to work in the United States.  *Id*.  The petition was granted in December 2021.  *Id*.  Based on his wife's approval to work in the United States, Zhang applied for an H-4 nonimmigrant visa[4] to allow him to move to the United States.  *Id*. ¶ 11.  Zhang was interviewed in connection with his visa application in May 2023, and his visa application was later placed in "administrative processing."  *Id*. ¶¶ 12–13.  Zhang has asked about the status of his application multiple times, but it has not been adjudicated to date.  *Id*. ¶ 14.  Zhang is a citizen of China currently residing in Canada while he awaits approval of his visa application.  *Id*. ¶¶ 3–6.

Zhang filed this action in January 2024, requesting that the Court, among other things, order Defendants to process his visa application within 15 days or as soon as reasonably possible.  Dkt. No. 1 ¶ 32.  Defendants moved to dismiss, and the motion is now ripe for adjudication.

# II.    ANALYSIS

## A.    Legal Standards

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general[.]"  28 U.S.C. § 1390(a).  If a defendant to the action is an officer or employee of the United States sued in his or her official capacity, that action may be

---

[2] This section is based primarily on the allegations contained in the complaint, which are assumed to be true for purposes of this motion.

[3] "The H-1B program permits the temporary admission of foreign nationals to work for a United States sponsoring employer in a 'specialty occupation.'"  Dkt. No. 8 at 2 (citing 8 U.S.C. § 1101(a)(15)(H)).

[4] The spouse of an H-1B nonimmigrant worker may request H-4 status to allow him or her "to accompany or follow-to-join the H-1B nonimmigrant to the United States."  Dkt. No. 8 at 2–3 (citing 8 U.S.C. § 1101(a)(15)(H); 8 C.F.R. § 214.2(h)(9)(iv)).

brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).  For venue purposes, federal officers "reside" where they perform their official duties.  *See Reuben H. Donnelly Corp. v. Fed. Trade Comm.*, 580 F.2d 264, 267 (7th Cir. 1978).

A defendant may move to dismiss a suit for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Plaintiff bears the burden to establish that venue is proper in the district where the suit was filed.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  If venue is improper, a court must dismiss the case or, if the interest of justice requires, transfer the case to a district where it could have been brought.  28 U.S.C. § 1406(a).

**B.    Venue Does Not Lie in the Western District of Washington.**

The complaint asserts that venue is proper in this district because "either the Plaintiff resides in this district, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district, or because this action is against a Defendant that maintains offices within this district."  Dkt. No. 1 ¶ 3.

As noted *supra*, Defendants moved to dismiss on the grounds that venue for this action does not lie in the Western District of Washington, under any of the subsections of 28 U.S.C. § 1391(e)(1).  Dkt. No. 8 at 5–6.  Defendants emphasize that they reside where their official duties are performed, and because the official duties giving rise to this action were performed in Canada and not in this district, venue is not proper here under 28 U.S.C. § 1391(e)(1)(A).  *Id.*  Next, because Zhang filed his visa application in Canada, it was denied in Canada, and it awaits further processing in Canada, none of the events or omissions that gave rise to this action occurred in the Western District of Washington, and thus venue is not proper here under 28 U.S.C. §

1391(e)(1)(B).  *Id.* at 6.  Lastly, Defendants note (*id.* at 5) that contrary to the suggestion in the complaint that Zhang may reside in this district (Dkt. No. 1 ¶ 3), Zhang resides in Canada, and thus venue is not proper here.

Zhang opposes Defendants' motion on one ground, arguing that venue is proper under 28 U.S.C. § 1391(e) because his wife works for Microsoft, which resides in Washington State, and it was her work visa that led Zhang to apply for his visa.  Dkt. No. 12 at 5.  That Zhang's wife works for a Washington resident is not sufficient to establish that the events or omissions that gave rise to this lawsuit occurred in this district, however.  None of the claims in the complaint relate to Zhang's wife's visa or her visa application: they instead focus entirely on Zhang's visa application. *See* Dkt. No. 1 ¶¶ 10–32.  Notably, Zhang's wife is not a party to this action. *See id.*  Zhang cites no authority to support his assertion of venue under these circumstances.  Dkt. No. 12 at 5.  For these reasons, the Court finds that Zhang has not met his burden to show that venue is proper in the Western District of Washington.

"If venue is improper in the district where the suit was filed, the court has the discretion to dismiss the case under Rule 12(b)(3), or to transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a)." *Ctr. for Bio. Diversity v. Pirzadeh*, No. C09-1719-JCC, 2010 WL 11691840, at *5 (W.D. Wash. Apr. 28, 2010).  Here, the parties' briefing does not address whether transfer would be in the interest of justice. *See* Dkt. Nos. 8, 12, 13.  The Court will therefore seek input from the parties before determining whether and where to transfer this case.

## III.    CONCLUSION

For these reasons, the Court finds that venue is not proper here, but the Court DEFERS resolution of Defendants' motion to dismiss under Rule 12(b)(3) until after the parties have provided supplemental input on the transfer issue.  The Court ORDERS the parties to meet and

confer regarding the issue of transfer.  No later than July 12, 2024, the parties shall either file a stipulation indicating where this matter should be transferred or, if agreement cannot be reached, the parties must file statements describing their respective positions on the transfer issue.  The clerk is directed to RE-NOTE Defendants' motion to dismiss under Rule 12(b)(3) (Dkt. No. 8) for July 12, 2024.

In light of the Court's finding as to venue, the Defendants' motion to dismiss under Rule 12(b)(6) (Dkt. No. 8) is DENIED without prejudice.  *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1110 (C.D. Cal. 2001) ("in the absence of proper venue" the court declined to reach the merits of the Rule 12(b)(6) motion filed by the defendants, and denied that motion without prejudice to its re-filing in the transferee court).

Dated this 17th day of June, 2024.

Kymberly K. Evanson
United States District Judge